### AMERICAN SAVINGS BANK v LEINER

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10627.   Decided June 2, 1930

H. Hughes Johnson, Cleveland, for Bank.
Milton C. Portman, Cleveland, for Leiner.

MIDDLETON, PJ and MAUCK, J (4th Dist) and SHERICK, J (5th Dist) sitting

MIDDLETON, PJ.

While the bank complains of the trial court in its personal conduct and in the examination of the witnesses, we regard that examination as fully within the judicial power and right of the court and if this were not so, no exceptions were taken to any of the questions submitted by the court to the witness and it is too late now for the bank to complain.

The main contention of the bank seems to be that the verdict of the jury is against the manifest weight of the evidence and that the acceptance of the note for Eight Thousand Dollars under the circumstances claimed by Leiner was necessarily unlawful and in contravention of the provisions of **710-112 GC** and therefore void.

In respect to the last named claim the contract having been consummated on the part of Leiner and, as claimed, accepted by the bank, it is now too late for the bank to plead that its act was ultra vires and if that were not so, it is apparent from the provisions of the section quoted, that it has no application to an adjustment and payment of an existing indebtedness. In accepting the mortgage note as claimed by Leiner, the bank did not make a loan within the meaning of this section, but accepted the note and second mortgage as an adjustment of a debt then due the bank arising from a prior loan.  Under the facts as claimed by Leiner, the transaction was a settlement of a subsisting debt and the jury found by its verdict that Leiner's claim in this behalf was true.

Coming now to consider the evidence in this case, it is contended by the bank that its records in respect to the circumstances under which the Eight Thousand Dollar note and mortgage were taken, are controlling and conclusive.  The bank's record is not controlling and when such record is subject to the infirmaties pointed out in this case by counsel for Leiner, may not have been at all convincing to the jury, and in consequence of that fact, may have been ignored by it.  Latin testified positively in his examination that the $8,000 note and the mortgage were given in release and payment of the Leiner note and the other notes heretofore noted. His testimony is strengthened by the fact that the arrangement as claimed by him seems to be a sane and sound adjustment of his indebtedness.  It is not apparent to this court from the evidence and certainly was not apparent to the jury, just why Latin should incur a double liability for an existing indebtedness.  The note which the bank maintains was a collateral note only was one for the unconditional payment of Eight Thousand Dollars with interest.  If this note secured by the mortgage was taken merely as security for the original notes, it would seem to have been the most appropriate and direct course

for all concerned to have given the second mortgage to secure the notes then held by the bank rather than an additional note. Moreover, it is clearly shown by the evidence that Latin paid interest on the alleged collateral note and so it would seem that Latin under his obligation, if it were as the bank contends, was being held for double interest on his original indebtedness.

These established facts make it impossible for this court to interfere with the verdict of the jury on the weight of the evidence. We have examined the record and find no errors which would justify a reversal of the judgment and it is affirmed.

Mouck and Sherick, JJ, concur.